On the trial at Haywood, on the last circuit, before his Honor, JudgePearson, the case was that the plaintiff had sued out a warrant against one Daniel Woodfin, for the penalty for obstructing a public road in the county of Haywood, upon which he obtained a judgment before the defendant for fifty dollars, and thereupon the defendant craved an appeal to the county court, which was granted upon his giving one Thomas Woodfin, his father, for security, the plaintiff objecting to the surety for insolvency; that after remaining in the county court (486) for some time the suit was referred to certain arbitrators, who awarded in favor of the plaintiff; but in the meantime the defendant, Daniel Woodfin, having become insolvent, and his surety having removed to the west, the plaintiff failed to make the amount of his recovery. The plaintiff then called several witnesses to show that Thomas Woodfin was insolvent at the time he became surety to the appeal of his son, and to *Page 382 
rebut this testimony the defendant introduced some witnesses to prove the contrary.
The plaintiff "insisted that if he had sustained damage by the oppressive act of the defendant, as a magistrate, in taking insufficient security, and thereby compelling him to pay costs and lose the amount of his judgment, he was entitled to recover, and further, that although ignorance would protect a magistrate in a criminal proceeding it did not protect him in a civil suit by one who had suffered damages by his act."
His Honor charged the jury that to subject a magistrate to a recovery of damages for an act of his in the discharge of the duties of his office it was not sufficient to show that damage had been sustained because of his having been mistaken in opinion or having acted ignorantly, but it was necessary to prove that he had acted wrong knowingly and corruptly. That in the cause under consideration, if the evidence satisfied them that the plaintiff had sustained the damage alleged, by the act of the defendant, they would then inquire whether Thomas Woodfin was insolvent at the time when he was taken as security. If he was insolvent then they would inquire whether his insolvency was known to the defendant. If the jury were satisfied that he was insolvent and that the defendant knew it, then the law would imply that he, the defendant, had acted corruptly, because he could have no other motive for taking him as security; and in that case the plaintiff would be entitled to recover. But if the surety was solvent, or, supposing him insolvent, the defendant believed that he was solvent, and acted under a mistake, he would be entitled to their verdict. There was a verdict and judgment for the defendant, and the plaintiff appealed.
(487) Upon the trial of this cause it seems to have been taken for granted that the defendant was liable in damages if he took insufficient security for the appeal, with a knowledge that it was insufficient. We do not mean to decide whether this opinion was correct or erroneous, and notice it only, lest our silence might be construed into approbation of it. Whether in granting the appeal and accepting the security the magistrate did not act in a judicial character, and on a matter within his jurisdiction, is a question that may be well worthy of deliberate examination. If he did, then the action was not maintainable. The law is clear that in general no action can be supported against a judge or justice of the peace, acting judicially and within the sphere of his jurisdiction, however erroneous his decision, or malicious the motive imputed to him. This doctrine is to be found in the earliest judicial records, and has been steadily maintained as essential to prevent "the *Page 383 
slander of justice," and to protect those who are bound to administer it "from continual calumniations," Floyd v. Baker, 12 Co. 23, and from the peril of being arraigned for every judgment they might pronounce. Groenveltv. Burnwell, 1 Ld. Ray., 454.
But if the act complained of be not a judicial act, then we concur with his Honor in the opinion that the defendant was not liable if he acted bonafide and according to his best information. In the case of the Governor v.McAffee, 2 Dev., 15, this limitation of responsibility was not only recognized as attaching to all common law remedies for omission of duty in a magistrate, but was held impliedly to restrain the general words of a statute creating a responsibility for failure to perform a duty in a prescribed form.
PER CURIAM. Judgment affirmed.
Cited: S. v. Zachery, 44 N.C. 435; Peavey v. Robbins, 48 N.C. 341;Furr v. Moss, 52 N.C. 528; Hannon v. Grizzard, 99 N.C. 164.
(488)